James L. DEAN, Plaintiff,

v.

COUNTY OF GAGE, Nebraska,
et al., Defendants.

Lois P. White, as Personal Representative of the Estate of Joseph White, deceased, Plaintiff,

v.

County of Gage, Nebraska,
et al., Defendants.

Kathleen A. Gonzalez, Plaintiff,

v.

County of Gage, Nebraska,
et al., Defendants.

Thomas W. Winslow, Plaintiff,

v.

County of Gage, Nebraska,
et al., Defendants.

Ada Joann Taylor, Plaintiff,

v.

County of Gage, Nebraska,
et al., Defendants.

Debra Shelden, Plaintiff,

v.

County of Gage, Nebraska,
et al., Defendants.

4:09CV3144
4:09CV3145
4:09CV3146
4:09CV3147
4:09CV3148
4:11CV3099

United States District Court,
D. Nebraska.

Signed October 6, 2016

Herbert J. Friedman, Friedman Law Offices, Lincoln, NE, for Plaintiff.

Jennifer M. Tomka, Amen Law Firm, Melanie J. Whittamore-Mantzios, Wolfe, Snowden Law Firm, Patrick T. O'Brien, Butler, Galter Law Firm, Paul L. Douglas, Paul Douglas, Richard L. Boucher, Boucher Law Firm, Lincoln, NE, for Defendants.

## MEMORANDUM AND ORDER DENYING MOTION TO STAY JUDGMENTS UNDER RULE 62(f) and/or (g)

Richard G. Kopf, Senior United States District Judge

I entered multi-million dollar judgments against the Defendants for damages and attorney fees and costs upon a jury verdict finding the Defendants had grievously vio-

lated the civil rights of the Plaintiffs. Yesterday, October 5, 2016, Defendants filed a Motion to Stay Judgments under Rule 62(f) and/or (g).

Essentially, Defendants seek to stay execution of the judgments during the pendency of the appeal to the Eighth Circuit Court of Appeals. According to the Defendants, pursuant to Fed. R. App. P. 8, the Defendants must request a stay from the trial court prior to applying for a stay to the Eighth Circuit Court of Appeals.

Defendants advise that the County Board will set the tax rate for fiscal year 2016-17 on or before October 15, 2016. I therefore take up this motion now without waiting to hear from the Plaintiffs. In short, the motion will be denied.[1]

First, Defendants argue that under Federal of Civil Procedure 62(f)[2] they are entitled to a stay because they would be entitled to a stay under state law because the federal judgments I entered *could* become liens under Nebraska law. The relevant Nebraska statute provides:

A transcript of any judgment or decree rendered in a circuit or district court of the United States within the State of Nebraska, may be filed in the office of the clerk of the district court in any county in this state. Such transcript, when so filed and entered on the judgment record, shall be a lien on the property of the debtor in any county in which such transcript is so filed, in the same manner and under the same conditions only as if such judgment or decree had been rendered by the district court of such county; *Provided*, such transcript shall at no time have a greater validity or effect than the original judgment. The lands and tenements of the debtor within in the county where the judgment is entered shall be bound for the satisfaction thereof from the day on which such judgment is rendered without the filing of a transcript; *Provided, however*, that orders reviving dormant judgments shall become liens upon the lands and tenements of the judgment debtor only when such order is entered on the judgment record in the same manner as an original judgment.

Neb. Rev. Stat. Ann. § 25–1305 (West) (underline added).

The quick answer to Defendants' argument is that the Plaintiffs may not wish to utilize the provisions of § 25–1305. Indeed, I can think of tactical reasons why they would not do so. In any event, there has been no showing that "transcripts"[3] of judgments have been filed in the Gage County District Court in compliance with the foregoing statute[4]. Hence, there is no

---

1. Defendants cite no cases from the Eighth Circuit. The cases cited by Defendants are either not on point or relate to non-Nebraska state law interpretations.

2. The Rule states: "Stay in Favor of a Judgment Debtor Under State Law. If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give."

3. Defendants do not explain, or cite to a case that defines, what a "transcript" of judgment requires. Having done legal work in Nebraska of this type 30 years ago, I once had a sense of what was required. But, I am not at all

clear what is required now. Must the "transcript" be certified? Must it be certified and also authenticated because it is from a foreign court? Moreover, which "transcript" should (or would) be filed first? This question is particularly important for the separate judgments where lien priority may matter. This stuff is harder than you might think particularly if your malpractice policy is on the line. In short, from the perspective of Plaintiffs' counsel, filing "transcripts" of federal judgments for multiple prevailing plaintiffs with a state district court clerk to perfect liens under Nebraska law is hardly ministerial.

4. I also note that there are no proceedings under Federal Rule of Civil Procedure

entitlement to relief under Federal Rule of Civil Procedure 62(f) (assuming, without deciding, that the Rule applies in this case).

Defendants, of course, cannot compel the Plaintiffs to utilize the statute. Indeed, it would cost the six Plaintiffs or their lawyers *at least* $462 to perfect the seven judgments (the money judgments that were entered as one document[5] and the six separate attorney fee judgments) in Gage County alone[6] and even more if Plaintiffs sought to perfect liens in other counties where Gage County may have assets (like bank accounts).

Second, after reviewing the case law, including that set forth in Defendants' brief, I do not believe I should exercise whatever discretion I may have to stay enforcement of the judgments under Fed. R. Civ. P. 62(g)[7]. I am especially sensitive to the years and years of imprisonment suffered by the Plaintiffs, the long litigation history of these cases, and the fact that Defendants have had about eight years *in this court alone* to plan for this eventuality. With respect, the time of reckoning has long since passed.

IT IS ORDERED that the Motion to Stay Judgments under Rule 62(f) and/or (g) (filing no. 622 in Case No. 4:09CV3144; filing no. 629 in Case No. 4:09CV3145; filing no. 616 in Case No. 4:09CV3146; filing no. 617 in Case No. 4:09CV3147; filing no. 614 in Case No. 4:09CV3148; filing no. 482 in Case No. 4:11CV3099) in

each of these cases is denied. The Clerk shall process the appeals.

---

69(a)(1) pending. Nothing I have said should be construed to express any opinion on the rights of the Plaintiffs under Rule 69.

**5.** That assumes that the state clerk would charge only one $66 fee for all six plaintiffs for the initial money judgment which was rendered in one document.

**6.** See here for the fee schedule (scroll down to: "Transcript of judgment from another court for obtaining lien").

**7.** The Rule states: "Appellate Court's Power Not Limited. This rule does not limit the power of the appellate court or one of its judges or justices:

(1) to stay proceedings—or suspend, modify, restore, or grant an injunction—while an appeal is pending; or

(2) to issue an order to preserve the status quo or the effectiveness of the judgment to be entered."